UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO DARNELL MAYS,

                Plaintiff,

v.                                              Case No. 18-cv-1769-pp

NEIL THORESON, *et al.*,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING THE COMPLAINT (DKT. NO. 1)**

      The plaintiff, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    THE PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

      The Prison Litigation Reform Act ("PLRA") applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The PLRA allows an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee if he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may

1

allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On November 26, 2018, the court ordered the plaintiff to pay an initial partial filing fee of $40.00. Dkt. No. 6. The court received the fee on December 17, 2018. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will allow him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II.     SCREENING OF THE PLAINTIFF'S COMPLAINT

The PLRA requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court may dismiss a case, or part of a case, if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

To state a claim, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The facts alleged in the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two-step analysis in Twombly to determine whether a complaint states a claim. Id. at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions not supported by facts "are not entitled to the assumption of truth." Id. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id. The court gives the allegations of people who are representing themselves, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A.  Facts Alleged in the Complaint

When he filed his complaint, the plaintiff was an inmate at the Milwaukee Secure Detention Facility.[1] Dkt. No. 1. He has sued Wisconsin Department of Corrections employees: Defendant Tracy Johnson is the plaintiff's "p.o. agent;" defendants Neil Thoreson, Saus Dewitt, and Chad Frey are Johnson's supervisors. Id.

---

[1] The web site for the Wisconsin Department of Corrections' Inmate Locator Service shows that since May 1, 2019, the plaintiff has been at Green Bay Correctional Institution. https://appsdocwi.gov/lop/detail.do.

3

The plaintiff's complaint is repetitive, but the court has tried to pare it down to its basic facts. It appears that on June 11, 2018, the plaintiff had a hearing at the Milwaukee County Jail to revoke his extended supervision; on June 20, 2018, he won that hearing (his ES was not revoked).[2] Id. at 2-3. The plaintiff says that on July 27, 2018, defendant Johnson—his probation agent—appealed, but that she lost the appeal on June 27, 2018. Id. The complaint alleges that from that point, Johnson began harassing the plaintiff and trying to intimidate him by trying to get the case reopened. Id. The plaintiff says that on July 30, 2018, he wrote to defendant Thoreson—Johnson's supervisor—complaining about the harassment. Id. at 3. He says that Thoreson responded on August 13, 2018, telling the plaintiff that if he was released from Milwaukee County Jail, Johnson no longer would be his supervising agent. Id. at 3-4. The plaintiff asserts that on August 29, 2018, Johnson continued to harass him by keeping him locked up for supervision violations that he'd "already beat." Id. at 3.

On September 20, 2018, the plaintiff "bailed out" of the county jail.[3] Id. at 4. It appears that at that point, he had a new probation agent, a "Mr. Brain." Id. The plaintiff says that on October 8, 2018, he was at his home "fighting [his]

---

[2] The Wisconsin Circuit Court Access Program shows that the plaintiff was sentenced to a ten-year term of extended supervision in State v. Antonio Mays, 2002CF271 (Milwaukee County). https://wcca.wicourts.gov (last checked July 14, 2019).

[3] The docket for State v. Antonio Darnell Mays, 2018CF1428 (Milwaukee County) shows that the plaintiff posted cash bail of $2,500 on September 11, 2018, and that there was a bail hearing on September 20, 2018; the plaintiff does not appear to have been in custody on that date. Id.

4

criminal case" when Johnson had him re-arrested for the allegations upon which he'd already prevailed back in June. Id. at 2, 4. The complaint alleged that Johnson "had her supervisor Chad J. Frey come to [the plaintiff's] family home with 21 police officers and [take] him into custody for no reason." Id. at 4. The plaintiff asserted, and the docket confirms, that he was out on bail for his criminal case. The defendant said had been out for only nineteen days and had not committed any new violations; he asserted that as of the date of the complaint, he was "sitting in [the Milwaukee Secure Detention Facility] waiting on a (revocation hearing) that's already had a (decision done been made twice (2) on the same allegations)." Id.

The plaintiff indicated that after being released from the county jail, he'd made "lots" of doctors' appointments to deal with his medical conditions—pain in his head, neck, back and leg—and that he had not been able to attend those appointments because of the "false imprisonment." Id. at 5. He asks for damages and asks the court to order the defendants to stop harassing him. Id. at 6-7.

B. Analysis

To state a claim under 42 U.S.C. §1983, the plaintiff must allege that 1) someone deprived him of a right secured by the Constitution or laws of the United States and 2) the person who deprived him of that right was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)).

5

The plaintiff alleges that the defendants violated his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution, as well as violating "state laws" (he does not say which ones).

      1.    *Eighth Amendment Claim*

The plaintiff says that the defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment when he was rearrested for the same violations he'd already "beaten." The Eighth Amendment says that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The plaintiff alleges that the defendants incarcerated him "without a (penological justification) subjecting [him] to cruel and unusual punishment." Dkt. No. 1 at 7. To state an Eighth Amendment claim, the plaintiff must allege facts showing that he was subjected to additional incarceration "without penological justification and that the defendants acted with deliberate indifference." Aguilar v. Gaston-Camera, 861 F.3d 626, 631 (7th Cir. 2017).

The plaintiff has alleged that Johnson caused him to be arrested on the violations he'd already "beaten," even though she knew that he had not been found to have committed those violations and that he'd not committed any new violations. At this early stage, the court finds that the plaintiff has alleged sufficient facts to proceed against Johnson on an Eighth Amendment claim.

The court will not allow the plaintiff to proceed on an Eighth Amendment claim against Thoreson, Dewitt or Frey. The only allegation the plaintiff has made against Thoreson is that when the plaintiff complained to Thoreson about

6

Johnson's alleged harassment, Thoreson promised him a new supervising agent. It appears that Thoreson was as good as his word; the plaintiff says that when he was released from the Milwaukee County Jail, his supervising agent was "Mr. Brain." As to Frey, the plaintiff alleges that Frey came to his home with twenty-one agents to arrest him, but the plaintiff says that Frey did this at *Johnson's* direction. He does not allege that Frey knew that there was no basis for his arrest. Finally, the only allegation the plaintiff makes against Dewitt is that Dewitt, as a supervisor, "allow[ed] the (harassment) to continue." Dkt. No. 1 at 6. "To succeed on a claim for supervisory liability, a plaintiff must show that the supervisor was personally involved in the constitutional violation." Gill v. City of Milwaukee, 850 F.3d 335, 344 (7th Cir. 2017) (citing Matthews v. City of E. St. Louis, 675 F.3d 703, 708 (7th Cir. 2012)). "That means the supervisor 'must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he] might see.'" Id. (quoting Matthews). The plaintiff has not alleged any facts to support a claim that Dewitt knew of Johnson's conduct and approved it, condoned it or turned a blind eye to it.

    2.  *Fourteenth Amendment Claim*

Under the Fourteenth Amendment, the state cannot deprive an individual of life, liberty or process without due process of law. Morrissey v. Brewer, 408 U.S. 471, 482 (1972). "[T]he conditional liberty afforded under Extended Supervision . . . is a liberty interest protected by the Fourteenth Amendment." Bolling v. Murphy, No. 10-C-678, 2011 WL 2678838, at *2 (E.D. Wis. July 8, 2011) (citing Morrissey, 408 U.S. at 482). "[A]n inmate released on

7

Extended Supervision has already been convicted of a crime, and that conviction justifies imposing extensive limitations on the individual's liberty that could not otherwise be imposed." Id.

The plaintiff's complaint does not contain enough facts for the court to determine whether he has a Fourteenth Amendment claim, or whether it is premature for him to make such a claim. He says that he was arrested on October 8, 2018; he filed his federal civil rights complaint only a month later, on November 8, 2018 (dkt. no. 1). He does not explain whether the arresting agents gave him written notice that the department had recommended revocation (as required by Wis. Stat. §331.04), or whether he had "a preliminary hearing . . . to determine whether there is probable cause to believe that the offender violated a rule or a condition of supervision," Wis. Stat. §331.05, or whether he has had "a final revocation hearing," Wis. Stat. §331.06. Without these facts, the court cannot determine whether he received the due process required by the Fourteenth Amendment. If the plaintiff has these facts, he may amend his complaint to add them.

   3. *Other Possible Claims*

The plaintiff alleged that Johnson initiated revocation proceedings twice for the same violations, and that this amounted to "harassment and intimidation." These allegations implicate the Double Jeopardy Clause of the Fifth Amendment, which prohibits the state from prosecuting someone twice for the same crimes. In Diehl v. McCash, 352 F. App'x 99, 101 (7th Cir. 2009), the Seventh Circuit considered the appeal of a person who'd been subjected to

8

"two orders of detention based on the same probation violation." The court rejected Diehl's claim that this violated the Double Jeopardy Clause. It noted that "[t]he Double Jeopardy Clause protects against multiple punishments for the same offense." Id. "But [extended supervision] is part of [the plaintiff's] original sentence, and a revocation of [extended supervision] only modifies the terms of his original sentence. Id. "[D]etention pending revocation of [extended supervision] does not constitute punishment for double jeopardy purposes." Id. The plaintiff has not stated a claim for violation of the Double Jeopardy Clause.

The plaintiff also alleged that the defendants violated "state laws," but he does not say which one(s). While the court must liberally construe a complaint filed by someone who is representing himself, that does not mean that the court must go through every possible state statute to figure out whether the plaintiff has alleged a state-law violation. If the plaintiff can identify a state law he believes any of the defendants violated, he may file an amended complaint and identify which law he believes the defendants violated.

If the plaintiff decides that he wants to amend his complaint, he should be aware of several things. First, he should use the court's form complaint, available at https://www.wied.uscourts.gov/forms-pro-se-litigants under "Guide and Complaint for Prisoner Filing Without a Lawyer." Second, the plaintiff should write the word "Amended" at the top of the first page of that form, next to the word "Complaint." He should put the case number for this case—18-cv-1769—in the space for the case number. Third, an amended complaint replaces the original complaint. That means that the plaintiff must

9

include in the amended complaint every claim he wants to bring (including repeating the claim the court allowed him to proceed on from the original complaint), he must name every defendant he wants to sue, he must make clear which defendant did what and when and he must provide enough facts to support each claim. If the plaintiff files an amended complaint, the court will screen it, just as the court screened the original complaint.

### III.  CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. The court **ORDERS** that the agency that has custody of the plaintiff to collect from his institution trust account the **$310.00** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court **ORDERS** that defendants Thoreson, Dewitt and Frey are **DISMISSED**.

The court **ORDERS** that the plaintiff may proceed on an Eighth Amendment claim against defendant Johnson that she subjected him to additional incarceration without a valid penological interest.

Under an informal service agreement between the Wisconsin Department of Justice and this court, electronic copies of the complaint and this order will be sent to the Wisconsin Department of Justice for service on defendant Johnson. Under that agreement, the court **ORDERS** defendant Johnson to file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that, under the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court.[4] If the plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

---

[4] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 18th day of July, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**