UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO DARNELL MAYS,

                    Plaintiff,

    v.                                              Case No. 18-cv-1769-pp

TRACY JOHNSON, *et al.*,

                    Defendants.

## **AMENDED** ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 10) UNDER 28 U.S.C. §1915A AND DISMISSING ONE DEFENDANT

Plaintiff Antonio Darnell Mays, an inmate at the Green Bay Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. On July 18, 2019, the court granted the plaintiff's motion to proceed without prepaying the filing fee and screened the complaint. Dkt. No. 9. The court dismissed three defendants but allowed the plaintiff's Eighth Amendment claim against Defendant Tracy Johnson to proceed. Id. at 9–10. On September 16, 2019, the defendant answered the complaint. Dkt. No. 12. Almost two months earlier, however, on July 24, 2019, the plaintiff filed an amended complaint against Johnson and a second defendant, Vince Varone, who had not been named as a defendant in the original complaint. Dkt. No. 10. Fed. R. Civ. P. 15(a)(1) allows a party to amend his pleading one time without the court's permission, if he does so within twenty-one days of the day he serves the complaint or within twenty-one days after the defendant answers. Because the plaintiff filed his

1

amended complaint before defendant Johnson answered the original complaint, the court will screen the amended complaint.

  A. <u>Federal Screening Standard</u>

As the court explained in its original screening order, the court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id</u>. (citing <u>Twombly</u>, 550 U.S. at 556). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).

  B. <u>The Plaintiff's Allegations</u>

In the amended complaint, the plaintiff has sued his probation agent, Tracy Johnson, and has added Administrative Law Judge Vince Varone. Dkt. No. 10 at 1, 3.

The plaintiff alleges that Johnson violated a temporary restraining order and his rights under the Eighth Amendment by "having [him] arrested on the (violations) [he] had already 'Beaten' even though 'she knew that [he] had not

been founded [sic] to have committed those violations' and that [he] had not committed any (new violations)."[1] Id. at 2. The amended complaint alleges that on November 7, 2018, Johnson recommended revocation of the plaintiff's extended supervision using the same allegations that had failed to result in a revocation at the June 20, 2018 revocation hearing or on appeal on July 27, 2018. Id. at 3. The plaintiff alleges that on December 5, 2018, he had a second revocation hearing based on those same allegations, but this time ALJ Vince Varone "made a decision" to revoke him "after [he] already beat these same (4 allegations) [he] was not found guilty on, on (June 20, 2018) . . . ." Id. The plaintiff alleges that Varone knew that he had not violated any "new rules," and that Varone knew that a revocation hearing on the same violations had taken place months earlier. Id. Yet, the plaintiff says, Varone still held a second revocation hearing. Id. The plaintiff seeks $500,000 in damages. Id. at 4.

    C.    The Court's Analysis

As in his initial complaint, the plaintiff alleges that Johnson caused him to be arrested on violations that she knew he previously had "beaten." For the reasons discussed in the court's previous order, the court will allow the plaintiff to proceed on an Eighth Amendment claim against Johnson.

The amended complaint does not state a claim against the administrative law judge, Varone. "[T]he absolute immunity enjoyed by judges for judicial actions taken in accordance with their jurisdictional authority extends to other

---

[1] This portion of the complaint loosely quotes, with a few typographical errors or changes, the court's previous screening order. Dkt No. 9 at 6.

officials, including ALJs, when they perform functions that are 'closely associated with the judicial process.'" Smith v. Gomez, 550 F.3d 613, 619 (7th Cir. 2008) (quoting Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Forrester v. White, 484 U.S. 219, 225 (1988); Dawson v. Newman, 419 F.3d 656, 662 (7th Cir. 2005)). Answering the question of whether the judge's actions are "closely associated with the judicial process" involves a "functional" analysis. Harlow v. Fitzgerald, 457 U.S. 800, 810–11 (1982). The "touchstone" for whether judicial conduct is protected by absolute immunity is whether it involves "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435–36 (1993).

Deciding to hold a revocation hearing and deciding to revoke the plaintiff's extended supervision were actions taken within the scope of the ALJ's judicial function. Those decisions involved the exercise of discretion or judgment, they are normally performed by a judge, and the parties to the revocation proceedings "dealt with the judge as judge." Dawson v. Newman, 419 F.3d 656, 661 (7th Cir. 2005). Judicial immunity bars the plaintiff's claim against Varone.

Because the plaintiff does not allege that he has successfully appealed or otherwise succeeded in having his revocation overturned, his claim against Varone also is barred under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held "that a section 1983 suit can't be brought if a judgment in favor of the plaintiff would imply that his conviction in a prior

4

proceeding had been invalid." Rollins v. Willett, 770 F.3d 575, 576 (7th Cir. 2014) (citing Heck). "Heck applies to both a prisoner's original sentence and to reimprisonment upon revocation of parole." Easterling v. Siarnicki, 435 F. App'x 524, 526 (7th Cir. 2011) (citing Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005)). The court understands that the plaintiff disagrees with Varone's decision to revoke him, but the procedure for him to express that disagreement would have been to appeal the revocation and/or file a petition for a writ of *habeas corpus*, not to sue Varone for damages in a civil tort case. See Heck, 512 U.S. at 481 (citing Preiser v. Rodriguez, 411 U.S. 475, 488–90 (1973)).

The court will dismiss Varone as a defendant.

D. Conclusion

The court **ORDERS** that defendant Varone is **DISMISSED**.

The court will allow the plaintiff's Eighth Amendment claim against Johnson to proceed.

The court **ORDERS** Johnson to file a responsive pleading to the plaintiff's amended complaint.

**\*\*Both parties have consented to proceed before a Magistrate Judge, so the court will enter a separate order REASSIGNING this case to Magistrate Judge William E. Duffin.\*\***

The court reminds the parties that they may not begin discovery until the court enters a scheduling order setting deadlines for discovery and dispositive motions. The court also reminds the parties to notify the court if they change

addresses, so that the court knows where to send important documents. Dkt. No. 9 at 11–12.

The court reminds the plaintiff that under the Prisoner E-Filing Program, he must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. If the plaintiff is no longer incarcerated, he must submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

Dated in Milwaukee, Wisconsin this 10th day of October, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**